[Cite as *State v. Richardson*, 2013-Ohio-1953.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-06-043 |
| | : | O P I N I O N |
| - vs - | | 5/13/2013 |
| | : | |
| WALTER TYLER RICHARDSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011CR116

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Stephan D. Madden, 810 Sycamore Street, 5th Floor, Cincinnati, Ohio 45202, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Walter Tyler Richardson, appeals his convictions in the Clermont County Court of Common Pleas for safecracking and grand theft. For the reasons stated below, we affirm in part, reverse in part, and remand for resentencing.

{¶ 2} On January 31, 2011, Jermaine Carlock came home from work and found two intruders inside his home. One of the men, Eric Lewis, was in the kitchen. Carlock heard

another man in an upstairs bedroom making a lot of noise "ransacking the place." Lewis quickly retreated from the home and fled from the scene in a car. Carlock got in his vehicle and followed Lewis. During the chase, Carlock called 911 to inform the police about Lewis and the intruder inside his home. Ultimately, Lewis wrecked his vehicle and was arrested by police. Police found a safe that belonged to Carlock in the backseat of Lewis's car. The safe housed several of Carlock's firearms. The safe was unopened and did not show any signs of attempts to force entry into it. Carlock estimated that the safe weighed 500 to 600 pounds.

{¶ 3} Police also arrived at Carlock's home to investigate the burglary. At the home, Carlock's two dogs had been beaten, the house ransacked, and other items of property had been stolen. Police did not find the second man involved in the robbery but did find footprints of shoes in the snow outside Carlock's home. After an investigation, appellant was arrested for his alleged role in the burglary at Carlock's home as well as several other burglaries.

{¶ 4} On February 9, 2011, appellant was indicted on three counts of burglary, one count of theft, two counts of grand theft, and one count of safecracking. A bench trial was held where Lewis testified against appellant regarding the burglary at Carlock's home. At trial, Lewis stated that appellant was involved in the Carlock burglary and was the principal offender in the crimes. Lewis also stated that Carlock's safe was sitting in the front yard of the home and he and appellant did not attempt to open the safe. Instead, the pair placed the safe in the back of Lewis' car. The state also presented evidence which showed that the footprints found outside Carlock's home matched a pair of appellant's shoes. Additionally, police found jewelry that belonged to Carlock on appellant.

{¶ 5} After the presentation of the evidence, the trial court found appellant guilty of two counts of burglary, one count of theft, one count of grand theft, and one count of safecracking. Appellant was then sentenced to an aggregate prison term of 16 years and 9 months.

{¶ 6} Appellant now appeals, asserting two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} APPELLANT'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE.

{¶ 9} Appellant argues that his safecracking conviction is based on insufficient evidence because the evidence did not show he "enter[ed]," "force[d] an entrance into," or "tamper[ed]" with a safe. Appellant maintains that the state did not prove these elements because the safe was never opened. The state disagrees and argues that while the safe was never "enter[ed]," appellant's action in moving the safe to the Lewis' vehicle constitutes "tampering" for purposes of safecracking.

{¶ 10} When reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson*, 12th Dist. No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. In such a review, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Haney*, 12th Dist. No. CA2005-07-068, 2006-Ohio-3899, ¶ 14, quoting *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37. Further, a reviewing court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979). A reviewing court must not substitute its evaluation of the witness' credibility for that of the trier of fact. *See State v. Benge*, 75 Ohio St.3d 136, 143 (1996).

{¶ 11} Appellant was convicted of safecracking, in violation of R.C. 2911.31(A). R.C. 2911.31(A) provides, "[n]o person, with purpose to commit an offense, shall knowingly enter, force an entrance into, or tamper with any vault, safe, or strongbox." We begin by noting that

there was sufficient evidence to establish that appellant was involved in the safecracking, had purpose to commit theft, and that the item involved was a safe. Therefore, the only issue on appeal is whether appellant "enter[ed]," "force[d] an entrance into," or "tampered" with Carlock's safe. The evidence is undisputed that appellant did not open or enter the safe. Instead, the evidence only shows that appellant moved the safe from Carlock's home into Lewis's vehicle. Consequently, this case requires us to interpret the meaning of "tamper" and determine whether appellant's conduct falls within this definition.

{¶ 12} This case presents a question of statutory construction because R.C. 2911.31 does not define "tamper." Statutory construction presents a legal issue, which we review de novo. *State v. Kormos*, 12th Dist. No. CA2011-08-059, 2012-Ohio-3128, ¶ 13. In a de novo review, this court independently reviews the record without giving deference to the trial court's decision. *Id.* The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent in enacting the statute. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11. This court must first look to the plain language of the statute to determine the intent. *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997). "Words used in a statute are to be taken in their usual, normal, and customary meaning," and unless a statute is ambiguous, the court must give effect to the plain meaning of a statute. *State ex rel. Pennington v. Gundler*, 75 Ohio St.3d 171, 173 (1996).

{¶ 13} "Tamper" has been defined as "to meddle so as to alter," "to make changes that are illegal, corrupting, or perverted," or "*to interfere improperly*." (Emphasis added.) Black's Law Dictionary, (9th Ed. 2009). Additionally, while R.C. 2911.31 does not define "tamper" as it relates to safecracking, other sections of the Revised Code define this term. *See In re Estate of Davis*, 2d Dist. No. 2010-CA-1, 2010-Ohio, 2131, ¶ 16. For example, "tamper" as it relates to tampering with utility equipment is defined as, "to *interfere with*, damage, or by-pass a utility meter * * *." (Emphasis added.) R.C. 4933.18(B)(2).

- 4 -

{¶ 14} We find that appellant's conduct in removing the safe from Carlock's home to Lewis's car constitutes "tampering" for purposes of safecracking. Appellant's act in moving the safe from Carlock's home to Lewis' car meets both the definitions under Black's Law Dictionary and R.C. 4933.18(B)(2). Appellant interfered with and interfered improperly with Carlock's ownership interest. It is obvious that appellant's purpose in moving the safe was so that he and Lewis could subsequently attempt to enter the safe therefore exercising dominion and control over any potential valuables. Therefore, by removing the safe from Carlock's home, appellant interfered improperly with Carlock's property.

{¶ 15} Lastly, we disagree with appellant's argument that our decision in *State v. Crosby*, 12th Dist. Nos. CA2010-10-081, CA2011-02-013, 2011-Ohio-4907, limits safecracking to only "entering" a safe. First, we note that this interpretation is obviously incorrect as R.C. 2911.31(A) expressly allows for "tampering" to constitute safecracking. Second, our decision in *Crosby* is distinguishable because this court was not determining the meaning of "tampering" but only whether grand theft and safecracking were allied offenses in that particular case. *Id.* at ¶ 21. In reasoning that the offenses did not merge we noted that, under the facts of that case, safecracking involved an entry into the safe. *Id.* This court did not state that the only way a defendant can commit safecracking is by entering into a safe. *Id.* at ¶ 21.

{¶ 16} Appellant's first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED IN IMPOSING SENTENCE[S] FOR MULTIPLE OFFENSES, WHICH OFFENSES CONSTITUTE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 19} Appellant argues the trial court erred in refusing to merge his convictions for grand theft and safecracking, as these are allied offenses of similar import subject to merger

under R.C. 2941.25.

{¶ 20} R.C. 2941.25, Ohio's multiple-count statute, prohibits the imposition of multiple punishments for the same criminal conduct. *State v. Brown*, 12th Dist. No. CA2009-05-142, 2010-Ohio-324, ¶ 7. The statute provides the following:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 21} The Ohio Supreme Court established a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. The first inquiry focuses on whether it is possible to commit both offenses with the same conduct. *Id.* at ¶ 48. It is not necessary that the commission of one offense will *always* result in the commission of the other. *Id.* Rather, the question is whether it is *possible* for both offenses to be committed by the same conduct. *Id.,* quoting *State v. Blankenship*, 38 Ohio St.3d 116, 119 (1988). Conversely, if the commission of one offense will *never* result in the commission of the other, the offenses will not merge. *Johnson* at ¶ 51.

{¶ 22} If it is possible to commit both offenses with the same conduct, the court must next determine whether the offenses were in fact committed by a single act, performed with a single state of mind. *Johnson* at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50. If so, the offenses are allied offenses of similar import and must be merged. *Johnson* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51. "Animus" is defined for

purposes of R.C. 2941.14(B), as "purpose or, more properly, immediate motive." *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). "If the defendant acted with the same purpose, intent, or motive in both instances, the animus is identical for both offenses." *State v. Loung*, 12th Dist. No. CA2011-06-101, 2012-Ohio-4519, ¶ 51.

{¶ 23} We employ the *Johnson* analysis to determine whether grand theft and safecracking are allied offenses of similar import under R.C. 2941.25. First, we examine whether it is possible to commit each of these offenses with the same conduct. As stated in the first assignment of error, R.C. 2911.31(A) provides, "[n]o person with purpose to commit an offense, shall knowingly enter, force an entrance into, or tamper with any vault, safe, or strongbox." R.C. 2913.02 states,

> (A)  No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> (1)  Without the consent of the owner or person authorized to give consent.
>
> (B)(4) If the property stolen is a firearm or dangerous ordnance, a violation of this section is grand theft.[1]

{¶ 24} We find that it is possible to commit the offenses of safecracking and grand theft with the same conduct. A defendant who tampers with a safe, such as removing a safe from the owner's house, is also exerting control over the safe's contents. Additionally, it is possible that a defendant who is tampering with the safe is doing this without the consent of the owner, with the purpose to deprive the owner of his or her property.

{¶ 25} We also find that appellant committed these offenses with the same conduct and with the same animus. It is apparent from the facts alleged in the indictment and the bill of particulars that appellant did not commit these offenses separately or with a separate state

---

1. Since appellant's conviction, R.C. 2913.02 has been amended by 2013 H.B. 51. However, the amendment does not affect the relevant provisions in this case and is currently not effective at this date.

of mind; rather he committed the offenses at the same time and with the same animus or immediate motive, which was to exert control over the safe and its contents. The underlying conduct for both the safecracking charge and grand theft were based on the single act of removing the safe from the home. There was no evidence that appellant committed these offenses with a separate animus as there was no evidence that appellant knew guns were inside the safe or that he opened the safe and removed the guns from the safe. Therefore, it is evident that the state prosecuted appellant for safecracking and grand theft based on a single act that was completed with the same animus.

{¶ 26} The state argues that our decision in *Crosby*, 12th Dist. Nos. CA2010-10-081, CA2011-02-013, 2011-Ohio-4907, requires that grand theft and safecracking do not merge. In *Crosby*, this court found that grand theft and safecracking were not allied offenses where the defendant broke into a safe and stole the firearms located therein. *Id.* at ¶ 21. However, *Crosby* is distinguishable in that the defendant in *Crosby* actually entered into the safe and took the firearms from the safe. *Id.* at ¶ 2. In this case, appellant's only conduct in "tampering" with the safe was removing it from the home. While appellant may have expected to find valuables inside, there was no evidence that appellant had particular knowledge of valuables inside the safe. Therefore, while the defendant in *Crosby* completed safecracking and grand theft with separate conduct and a separate animus, the facts in this case show that the offenses were committed by a single act with a single purpose. The Supreme Court acknowledged that the results of the allied offenses analysis will vary on a case-by-case basis and while two crimes in one case may merge, the same crimes in another may not. *State v. Edwards*, 11th Dist. No. 2012-L-034, 2013-Ohio-1290, ¶ 62, citing *Johnson* at ¶ 52.

{¶ 27} Therefore, the judgment is affirmed regarding the sufficiency of the evidence for appellant's safecracking conviction. The judgment of the trial court sentencing appellant on

the offenses of grand theft and safecracking and imposing individual sentences for these offenses is reversed and the matter is remanded for resentencing. Upon remand, the state can elect which allied offense to pursue, which the trial court must accept and then merge the offenses for sentencing. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 20, 24; *State v. Marlow*, 12th Dist. No. CA2012-07-051, 2013-Ohio-778, ¶ 31.

**{¶ 28}** Judgment affirmed in part, and reversed only to the extent the sentence is vacated, and the matter is remanded for sentencing.

S. POWELL and PIPER, JJ., concur.