OPINION
{¶ 1} Defendant-appellant, Jerry E. Gregory, appeals the decisions of the Clinton County Court of Common Pleas, Domestic Relations Division, finding appellant in contempt for failing to pay child support as ordered by the court and finding him in contempt for failing to appear to the Clinton County Jail as ordered.
 {¶ 2} We first note that we have consolidated both of appellant's appeals, as they *Page 2 
both involve the court's findings of contempt surrounding his failure to pay child support. We also note that the briefs filed by appellee are non-compliant and will not be considered in this matter. See Loc. R. 11.
 {¶ 3} Appellant and his ex-wife, Sandra, were divorced on April 22, 1993. At that time, appellant was ordered to pay monthly child support in the amount of $435.97, including poundage, for his two minor children. His daughter was born September 23, 1981, and his son was born December 13, 1984.
 {¶ 4} On September 30, 2002, appellee, the Clinton County Child Support Enforcement Agency ("the CSEA"), on behalf of appellant's ex-wife, filed its first motion for contempt against appellant for the failure to comply with the child support order, with arrearages in the amount of $4,132.95. On January 22, 2003, there was a hearing on the matter, at which the magistrate ordered the CSEA to calculate when appellant's children were emancipated and to prepare an entry terminating current support as of that date.
 {¶ 5} According to this court's calculations, both children would have been emancipated by the end of 2002. The record indicates, however, the CSEA prepared only one entry indicating appellant's eldest child was emancipated as of September 29, 1999, but that appellant should continue paying $435.97 per month for the remaining child. Before such issues were resolved within the first motion for contempt, the CSEA filed with the court a "motion to close" the pending contempt action against appellant due to appellant's incarceration on unrelated matters.
 {¶ 6} On June 9, 2005, the CSEA filed with the court an "administrative hearing recommendation and report mistake of fact hearing," in which it determined appellant had an arrearage of $5,411.57. Appellant filed objections to that administrative modification, and the magistrate held a hearing regarding those objections on December 14, 2005. In the entry, the *Page 3 
magistrate found that this is an arrearage only case, thereby acknowledging the emancipation of appellant's youngest child. Also at that hearing, the magistrate ordered appellant to pay $219.30 per month to be applied to the arrearage until the arrearage was paid in full.
 {¶ 7} On March 13, 2006, the CSEA filed, on behalf of appellant's ex-wife, its second motion for contempt, arguing that appellant failed to comply with the order requiring him to pay support arrearage. The magistrate held a hearing on October 4, 2006, and ordered appellant to pay the support as previously ordered, serve 60 days in the county jail, which was suspended pending further hearing, and assure the court that the arrearage of $5,517.95 would not increase before the next review hearing.
 {¶ 8} At the review hearing on December 6, 2006, the magistrate found that appellant had only made one payment since the previous hearing and that the arrearage had increased to $5,548.64. The magistrate again suspended the 60-day jail sentence pending the next review hearing.
 {¶ 9} On January 9, 2007, the trial court held a review hearing regarding the CSEA's motion for contempt. At the hearing, the trial judge determined the latest arrearage amount was $5,338.87 and found appellant was in contempt of court for failing to pay as ordered. The court ordered appellant to be incarcerated for 60 days for the second finding of contempt, but immediately released him from custody and ordered him to report to the court for further review on April 9, 2007.
 {¶ 10} On April 9, 2007, the matter again came before the court, but appellant failed to appear. The court determined the arrearage to be $5,149.56, and issued a capias for the apprehension of appellant.
 {¶ 11} Appellant next appeared before the magistrate on June 11, 2007, where the magistrate found appellant had no legal excuse for failing to appear in court on April 9. The *Page 4 
magistrate then sentenced appellant to 30 days in jail, with credit given for four days served. Appellant was then remanded to the custody of the Clinton County Sheriff's Department and ordered to return to court on June 18.
 {¶ 12} On June 18, 2007, the trial court held a hearing, credited appellant 10 days in jail, and suspended the remainder of his sentence ordered for failing to appear. It appears from the court's entry that appellant challenged the CSEA's records regarding adjustments made for his emancipated children. The trial court continued the matter and ordered the CSEA to investigate and determine whether a proper adjustment had occurred. The court also ordered appellant to return to court on June 25, 2007, for the continued hearing.
 {¶ 13} Appellant failed to appear for the hearing before the trial court on June 25. The trial court again issued a capias for appellant's apprehension.
 {¶ 14} On November 15, 2007, the trial court held another hearing and found that appellant had no legal defense for his failure to appear in court on June 25, 2007. The court found him in contempt for failing to appear and sanctioned him to serve 30 days in jail with credit for one day served. The court then rescheduled the hearing for the original motion for contempt for failure to pay child support for December 3, 2007.
 {¶ 15} At the hearing on December 3, 2007, the court determined the latest arrearage amount to be $4,955.41 and found that appellant remained in contempt for failing to pay the child support as ordered. The court continued its previous order sanctioning appellant to 60 days in jail for the finding of contempt, but again suspended the sanction for further review. Appellant was still serving his 30-day sanction for failing to appear at the June 25 hearing, so the court ordered him released from custody upon the completion of that term, but ordered him to report to the court on February 4, 2008, for review of his progress on the failure to pay child support. *Page 5 
 {¶ 16} On February 4, 2008, the court found that the latest arrearage was $4,959.71 and that appellant had not made any payments since February 2007. The court once again reaffirmed the sanction and ordered appellant to report to the Clinton County Jail no later than February 19, 2008, to commence his 60-day jail term. The court also ordered appellant to pay $150 in legal fees to the CSEA as a partial cost of bringing the action. It is from this entry that appellant filed his first appeal.
 {¶ 17} Despite the trial court's order, appellant failed to report to the Clinton County Jail on February 19, 2008, to commence his 60-day jail term. The trial court again issued a capias for appellant's apprehension, and on May 8, 2008, appellant appeared before the magistrate on the capias issued. The magistrate determined appellant had no legal excuse for failing to report to jail and ordered him to serve 60 days in jail and pay all costs associated with the capias. Appellant was credited two days served for the sanction imposed for failing to report to jail.
 {¶ 18} On May 21, 2008, the trial court held a review hearing, at which it ordered appellant to serve the full 60-day term for failing to pay the child support concurrently with the term appellant was serving at the time for failing to report to jail on February 19. The court gave appellant credit for zero days in jail on the term imposed for failing to pay child support. It is from this order that appellant filed his second appeal.
 {¶ 19} Assignment of Error No. 1:
 {¶ 20} "IT IS MY LEGAL RIGHT TO HAVE A CONTRACT A — INCORPORATED AGREEMENT AS OUT LINED IN 2307.39 A1 OHIO REV. CODE [sic]."
 {¶ 21} Appellant appears to first argue the trial court erred in allowing the CSEA to adjust the child support ordered from the original divorce decree. To the extent that appellant argues the trial court erred in its nunc pro tunc entry emancipating the first child, where it *Page 6 
ordered appellant to continue paying the same monthly total for only the youngest child, appellant failed to timely appeal that order and such argument will not be considered here. See App. R. 4.
 {¶ 22} It appears that appellant also challenges the differing arrearage amounts in the entries filed by the trial court. Appellant, however, provided no transcript on appeal. It is appellant's burden to provide a transcript for review, because he has the duty of showing error by reference to the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; App. R. 9(B). We must presume the regularity of the trial court's proceedings and therefore, the accuracy of the court's arrearage calculations. See id. Accordingly, appellant's first assignment of error is overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "DOUBLE JEOPARDY"
 {¶ 25} Appellant argues the court violated his "fifth amendment right of double jeopardy" when it made a second finding of contempt, "found him guilty," and stated that the arrearage had increased to $5,456.57.
 {¶ 26} The Double Jeopardy Clause in the Fifth Amendment to the United States Constitution and Section 10, Article I, of the Ohio State Constitution prohibits subjecting a person to successive prosecutions for the same offense. State v. Galluzzo, Champaign App. No. 2004 CA 25,2006-Ohio-309, ¶ 37, citing State v. Lovejoy, 79 Ohio St.3d 440, 443,1997-Ohio-371. These double jeopardy protections apply in cases involving contempt charges, but only if the contempt is criminal in nature, rather than civil. Galluzzo at ¶ 37 (citations omitted).
 {¶ 27} The distinction between civil and criminal contempt depends on the character and purpose of the sanction imposed. Id. at ¶ 39. A fine, imprisonment, or a combination of the two may be imposed in either a civil or criminal contempt case, but in the civil context, the *Page 7 
purpose of the sanction is coercive and is intended to force the contemnor to comply with the court's order. Id. at ¶ 40. A civil sanction, therefore, must allow the contemnor to purge himself of the contempt, and once he has chosen to comply with the court's order, the purpose of the sanction is achieved, and the sanction is discontinued. Id.
 {¶ 28} In this case, the court's finding of contempt for appellant's failure to pay the child support as ordered was civil in nature, and thus not subject to double jeopardy. The trial court suspended appellant's 60-day jail sanction on numerous occasions to allow for him to make payments on his arrearage and provided appellant the opportunity to purge the contempt by eliminating a portion of the arrearage. SeeState v. Palmer, Montgomery App. No. 19921, 2004-Ohio-779, ¶ 10. Accordingly, appellant's second assignment of error is overruled.
 {¶ 29} Assignment of Error No. 3:
 {¶ 30} "THE JUDGE UP HELD OR IN COURT TERMS CONFIRMED THE SENTANCING OF THE MAGISTRATE THIS WAS CONTRARY TO LAW BECOUSE A MAGISTRATE CAN NOT SENTENCE ANY ONE TO JAIL OR PRISON [sic]."
 {¶ 31} Appellant appears to argue that his jail time imposed by the magistrate for either failing to appear at the scheduled hearings or imposed for his failure to pay child support was contrary to law. In this case, the magistrate recommended a finding of contempt with a suspended jail term for appellant's failure to pay child support, and the trial court adopted this recommendation. Appellant filed no objections to the magistrate's decision(s), as required by Civ. R. 53. In addition, the magistrate was authorized to appropriately sanction appellant with a jail term for his failure to appear to scheduled hearings. See Civ. R. 53(C)(2)(f) and (D)(8). Appellant's third assignment of error is overruled.
 {¶ 32} Assignment of Error No. 4:
 {¶ 33} "DEFENDANT WAS DENIED A RIGHT TO A HEARING." *Page 8 
 {¶ 34} Appellant argues the court denied him the right to a hearing, pursuant to R.C. 3119.66, after he sent a request for a hearing on June 6, 2005. Aside from the fact that appellant is raising this issue three years after it allegedly occurred, our thorough review of the record indicates appellant filed with the court objections to the administrative hearing held on June 9, 2005. The court set a hearing on the objections, and after a series of continuances, held the hearing and made a determination on December 14, 2005, from which appellant did not appeal. According to the record, no other request for a hearing was made. Appellant's fourth assignment of error is without merit.
 {¶ 35} Assignment of Error No. 5:
 {¶ 36} "CONTEMPT ACTION IS CIVIL THIS IS NOT TRUE. THE CONSTITUTION OF THE UNITED STATES NO PERSON SHALL BE INPRISONED FOR A DEBT OR FOR OWNING MONEY SO DOUBLE JEOPARDY DOES APPLY (sic)."
 {¶ 37} Although we have previously addressed the issue of double jeopardy in the context of a civil contempt finding, we note the trial court has the inherent authority to enforce a lawfully issued child support order, and such authority does not end when the child is emancipated. Cramer v. Petrie, 70 Ohio St.3d 131, 1994-Ohio-404. Furthermore, the "obligation to pay child support is not a `debt' within the meaning of that term in Section 15, Article I of the Ohio Constitution," and therefore, a court may enforce an order to pay child support by means of imprisonment through contempt proceedings even after the children subject to the order are emancipated. Id. at 136. Appellant's fifth assignment of error is overruled.
 {¶ 38} We also note appellant filed an additional brief that, although difficult to discern, appears to address the court's finding of contempt for his failure to report to jail as ordered and the court's imposition of concurrent sanctions on the contempt for failure to report to jail *Page 9 
and the initial finding of contempt for failure to pay child support. Our review of the record demonstrates the court neither abused its discretion in finding appellant in contempt for failing to report to jail as ordered nor in ordering him to serve a concurrent jail term for both contempt findings. See Byron v. Byron, Franklin App. No. 03AP-819,2004-Ohio-2143, at ¶ 15.
 {¶ 39} Judgment affirmed.
 BRESSLER, P.J., and POWELL, J., concur. *Page 1