[Cite as *State v. Batross*, 2016-Ohio-265.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| JUSTIN M. BATROSS | : | Case No. CT2015-0038 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. CR2015-108


JUDGMENT:                               Affirmed


DATE OF JUDGMENT:                       January 21, 2016


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GERALD V. ANDERSON, II                  DAVID A. SAMS
27 North Fifth Street                   Box 40
P.O. Box 189                            West Jefferson, OH  43162
Zanesville, OH  43702-0189

*Farmer, P.J.*

{¶1}    On March 18, 2015, the Muskingum County Grand Jury indicted appellant, Justin Batross, on one count of burglary in violation of R.C. 2911.12 and two counts of theft in violation of R.C. 2913.02.  On March 30, 2015, the trial court appointed counsel for appellant and set a trial date for May 19, 2015.  On April 15, and May 8, 2015, appellant sought continuances of the trial date.  Both requests were denied.

{¶2}    On May 18, 2015, appellant pled guilty to the counts.  By entry filed July 1, 2015, the trial court merged the counts and sentenced appellant to thirty months in prison.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE TRIAL COURT ABUSED ITS DISCRETION WHEN REFUSING DEFENDANT-APPELLANT'S REQUEST FOR A CONTINUANCE OF HIS FIRST TRIAL DATE."

I

{¶5}    Appellant claims the trial court abused its discretion in denying his requests for a continuance of the trial date as he had newly appointed trial counsel and the requests were made well before the trial date.  We disagree.

{¶6}    The grant or denial of a continuance rests in the trial court's sound discretion.  *State v. Unger,* 67 Ohio St.2d 65 (1981).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).  "There are no mechanical tests for deciding when a denial of a

continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964).

{¶7}    Despite appellant's claimed error, we fail to find any prejudice to appellant. On May 18, 2015, appellant entered guilty pleas as follows:

The Defendant acknowledges that the parties have engaged in plea negotiations and he accepts and agrees to be bound by the following agreement, which is the product of such negotiations.

Upon a plea of "guilty" to Count One of the indictment, as amended, and Counts Two and Three as contained in the indictment, the parties agree to a joint recommendation that Defendant be sentenced to eighteen (18) months in prison.  Defendant agrees to make restitution in the amount of $2,339.49.  The State will not oppose a Motion For Judicial Release after Defendant has served twelve (12) months in prison, provided Defendant is accepted into the program at the Franklin County Community Based Correctional Facility, or similar facility approved by this Court.  The Defendant agrees to be subject to a polygraph examination upon the request of the State.

The Defendant further acknowledges that he understands any sentencing recommendation does not have to be followed by the Court.

{¶8}    Although the trial court did not follow the recommendations of the state regarding the length of the sentence (thirty months as opposed to the recommended eighteen months), we fail to find that the matter was properly preserved for appeal given appellant's guilty pleas.    As explained by this court in *State v. Patterson,* 5th Dist. Muskingum No. CT2012-0029, 2012-Ohio-5600, ¶ 19:

Appellant entered a guilty plea in this case.    " '[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.' "    *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).    When a criminal defendant admits to the facts contained in the indictment, all independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea are thereby waived.    *Id.*    This waiver includes any right to challenge defects in the indictment.    *State v. Martin,* 8th Dist. No. 95281, 2011-Ohio-222, ¶ 20.    The defendant's only recourse, with regard to non-jurisdictional defects, is to raise an issue with the voluntary and intelligent character of the guilty plea or with the effectiveness of his trial counsel for rendering advice pertaining to the plea.    *Spates; see also State v. Alexander,* 10th Dist. Nos. 05AP-192 and 05AP-245, 2006-Ohio-1298, ¶ 12–13 (the defendant, by pleading guilty to the charges, waived any non-jurisdictional error committed in the course of the proceedings to that point,

including any error with respect to the court's failure to appoint new counsel).

{¶9}    Upon review, we find by pleading guilty to the counts, appellant waived his right to appeal the denial of his continuance requests.

{¶10}  The sole assignment of error is denied.

{¶11}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Hoffman, J. concur.

SGF/sg 107