[Cite as *State v. Penwell*, 2017-Ohio-7465.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2016-12-020 |
| Plaintiff-Appellee, | : | CA2016-12-021 |
| | : | O P I N I O N |
| - vs - | | 9/5/2017 |
| | : | |
| BOBBY JOE PENWELL, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20160195


Jess C. Weade, Fayette County Prosecuting Attorney, John M. Scott, Jr., Fayette County Courthouse, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington C.H., Ohio 43160, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Bobby Joe Penwell, appeals his convictions in the Fayette County Court of Common Pleas and the imposition of consecutive sentences following his guilty plea to burglary, breaking and entering, theft, and grand theft of a motor vehicle.

{¶ 2} The facts of this case involve two criminal cases. In Case No. CR120160195 ("Case No. 195"), appellant was indicted in August 2016 on one count of burglary, a felony of the second degree. In Case No. CR120160270 ("Case No. 270"), appellant was indicted in

October 2016 on 15 felony offenses involving burglary, theft, breaking and entering, and grand theft of a motor vehicle, and 6 misdemeanor theft offenses. Relevant to this appeal are the burglary count in Case No. 195, and a breaking and entering count (Count 10), a theft count (Count 11), and a grand theft of a motor vehicle count (Count 19), all felonies, in Case No. 270.

{¶ 3} Appellant appeared before the trial court on December 14, 2016. Appellant pled guilty to the burglary count in Case No. 195, and to two counts of burglary, five counts of breaking and entering, seven counts of theft, and one count of grand theft of a motor vehicle in Case No. 270. In exchange for his guilty plea, the state dismissed the remaining counts.

{¶ 4} The trial court then proceeded to sentencing. In Case No. 270, the trial court merged Counts 1 and 2, Counts 12 and 13, Counts 14 and 15, Counts 16 and 17, and Counts 18 and 19, but refused to merge Counts 10 and 11. The trial court sentenced appellant to five years in prison in Case No. 195. In Case No. 270, the trial court sentenced appellant to consecutive five-year prison terms for his felony burglary convictions in Counts 1 and 5 and to consecutive six-month prison terms for his felony breaking and entering, theft, and grand theft of a motor vehicle convictions in Counts 10, 11, 12, 14, 16, and 19, for an aggregate 13-year prison sentence. The trial court further sentenced appellant to concurrent 180-day jail terms for his misdemeanor theft convictions in Counts 20 and 21. The trial court ordered that appellant's prison sentence in Case No. 270 be served consecutively to appellant's prison sentence in Case No. 195, for an aggregate prison term of 18 years.

{¶ 5} Appellant now appeals, raising four assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN NOT MERGING COUNTS TEN AND ELEVEN DURING SENTENCING IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED

STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE 1, SECTION 10.

{¶ 8} Appellant argues the trial court erred by not merging his breaking and entering conviction in Count 10 and his theft conviction in Count 11 in Case No. 270 because they were allied offenses of similar import.

{¶ 9} Whether offenses constitute allied offenses of similar import subject to merger under R.C. 2941.25 is a question of law that appellate courts review de novo. *State v. Stevens*, 12th Dist. Butler No. CA2015-09-020, 2017-Ohio-498, ¶ 9, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. Pursuant to R.C. 2941.25, a trial court cannot impose multiple punishments for the same criminal conduct.

{¶ 10} In determining whether offenses are allied offenses of similar import and should be merged for sentencing, "courts must evaluate three separate factors – the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if *any* of the following is true: (1) the defendant's conduct constitutes offenses of dissimilar import, (2) the defendant's conduct shows that the offenses were committed separately, or (3) the defendant's conduct shows that the offenses were committed with separate animus. *Id.* at paragraph three of the syllabus.

{¶ 11} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import." *Id.* at ¶ 26. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* The burden lies with the defendant to establish his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act. *Stevens*, 2017-Ohio-498 at ¶ 10.

{¶ 12} At the plea hearing, the prosecutor provided the following statement of facts regarding the offenses in Counts 10 and 11:

> On or about July 18, 2016, this is count ten, here in Fayette County, the defendant did knowingly trespass on * * * Wentz Road, Jeffersonville, Ohio, land or premises of another with purpose to commit a felony in violation of section 2911.13(B) and (C) of the revised code. In that case Your Honor the defendant did break into a vehicle and removed items from the car of one [J.B.]. In the car he removed * * * from a wallet he removed a debit card belonging to [M.M.]. He removed cash in the range of $40.00 to $100.00. This car was a 2002 Ford Focus.

{¶ 13} At the sentencing hearing, the trial court refused to merge Counts 10 and 11, finding that the breaking and entering of the vehicle and the subsequent theft of the wallet containing the credit card involved separate victims and separate animus.

{¶ 14} Despite appellant's argument to the contrary, we find that the breaking and entering conviction in Count 10 and the theft conviction in Count 11 are not allied offenses of similar import subject to merger for purposes of sentencing.

{¶ 15} First, the breaking and entering and theft offenses were of dissimilar import as they involved different victims and the harm from the offenses is separate and identifiable. The structure into which appellant trespassed was owned by one individual, while the credit card appellant stole belonged to another. Thus, not only did the offenses involve separate victims, but each victim suffered a separate and identifiable harm. As the Ohio Supreme Court stated, "When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *Ruff*, 2015-Ohio-995 at ¶ 26.

{¶ 16} Furthermore, the offenses were committed with a separate animus. In a similar context involving whether burglary and theft were allied offenses of similar import, we observed that

> In order to commit burglary, appellant had to, by force, stealth, or

- 4 -

deception, trespass in a separately secured or separately occupied portion of an occupied structure with the purpose to commit any criminal offense. Therefore, once inside the garage on Sauterne Drive, with the requisite intent, the burglary was complete. The theft offense did not occur until later, when appellant physically removed the .32 caliber revolver from the garage. At this time, grand theft of the firearm was complete. "Consequently, 'because one offense was completed before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B) notwithstanding their proximity in time and that one was committed in order to commit the other.'"

*State v. Back*, 12th Dist. Butler Nos. CA2015-03-037 and CA2015-03-038, 2015-Ohio-4447, ¶ 12, quoting *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 16, and *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 33.

{¶ 17} The same analysis applies here. Once appellant had trespassed into the unoccupied structure involved with purpose to commit a theft offense, the breaking and entering was complete. The separate act of stealing the credit card from a wallet found in a vehicle constituted the theft offense.

{¶ 18} Appellant's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE ENHANCEMENT OF COUNT NINETEEN OF THE INDICTMENT TO A FELONY OF THE FOURTH DEGREE WAS IMPROPER, AS AN ALL-TERRAIN VEHICLE IS NOT A MOTOR VEHICLE.

{¶ 21} In Case No. 270, appellant pled guilty to one count of grand theft in violation of R.C. 2913.02(A)(1) (Count 19) for stealing an all-terrain vehicle. The offense was a felony of the fourth degree because the property involved was a motor vehicle. *See* R.C. 2913.02(B)(5). Appellant argues that Count 19 should have been a felony of the fifth degree, and not a felony of the fourth degree, because an all-terrain vehicle is not a motor vehicle.

{¶ 22} R.C. 2913.02(B)(5) provides that "[i]f the property stolen is a motor vehicle, a

- 5 -

violation of this section is grand theft of a motor vehicle, a felony of the fourth degree." R.C. 2913.01(FF) in turn provides that "'Motor vehicle' has the same meaning as in [R.C.] 4501.01." R.C. 4501.01(B) defines "motor vehicle" as "any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires." R.C. 4501.01(B) further provides that

> "Motor vehicle" does not include utility vehicles as defined in division (VV) of this section, under-speed vehicles as defined in division (XX) of this section, mini-trucks as defined in division (BBB) of this section, motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well-drilling machinery, ditch-digging machinery, farm machinery, and trailers that are designed and used exclusively to transport a boat * * * .

{¶ 23} During the plea hearing, the prosecutor described Count 19 as involving appellant trespassing into a detached garage from which he "removed an all-terrain vehicle * * * and then moved it down the road." The trial court inquired, "is the theft of a motor vehicle, that four wheeler qualifies as a motor vehicle under the Ohio Revised Code and that's the felony of the fourth degree?" The prosecutor confirmed the trial court's understanding. In response to the trial court's inquiry as to appellant's understanding of the factual basis for the charge, appellant expressed misgivings with the all-terrain vehicle qualifying as a motor vehicle because "[i]t was ATV priced at $500.00, less than a $1,000.00. I don't understand how that's grand theft auto." Defense counsel then stated that she had explained to appellant that the all-terrain vehicle is a motor vehicle and that "it [was] just a matter of him not wanting to accept that."

{¶ 24} Following that exchange, the trial court proceeded through appellant's pleas to the various charges. When it came to Count 19, the trial court asked appellant, "count nineteen, grand theft of a motor vehicle, felony of the fourth degree[.] How do you plea?" Appellant replied, "Guilty." The trial court accepted appellant's guilty plea but indicated that it

would review "whether or not the ATV is a motor vehicle" prior to sentencing.

{¶ 25} During the sentencing hearing, the trial court asked defense counsel whether she had any authority that an all-terrain vehicle fell under the definition of a motor vehicle. Defense counsel replied, "I do believe that it does fall under the definition of motor vehicle." The trial court stated that its review of the statute indicated likewise and found that the all-terrain vehicle was a motor vehicle for purposes of R.C. 2913.02(A)(1) and (B)(5).

{¶ 26} Prior to pleading guilty to Count 19, appellant was well-aware that he was charged with a fourth-degree felony, to wit, theft of a motor vehicle. "It is well-established that a defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself." *State v. Bach*, 12th Dist. Warren No. CA2005-05-057, 2006-Ohio-501, ¶ 5. A guilty plea represents a break in the chain of events which has preceded it in the criminal process. *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). When a criminal defendant has admitted in open court that he is in fact guilty of the offense with which he is charged, he cannot thereafter raise independent claims relating to events that occurred prior to the entry of the guilty plea. *Id.*; *Bach* at ¶ 5. Accordingly, by pleading guilty to grand theft of a motor vehicle as a felony of the fourth-degree, appellant has waived this issue for appeal.

{¶ 27} Appellant, however, suggests that the trial court specifically reserved the issue for appeal when it made the following statement during the sentencing hearing: "It's the Court's intention to preserve all these issue[s] for both the state of Ohio and the defense for appellate purposes." Setting aside the issue of whether a trial court may preserve for appeal that which is not appealable as a matter of law, a review of the trial court's colloquy shows that appellant took the above quote out of context. The trial court made the statement after a recess between the plea and sentencing hearings. Upon reconvening for sentencing, the

trial court referred to in-chambers discussions with counsel concerning the victims' testimony, restitution, and the merger of offenses at sentencing. It is at that juncture that the trial court mentioned its "intention to preserve all these issue[s] * * * for appellate purposes." There is absolutely no indication that the trial court's reference related to the issue of whether an all-terrain vehicle is a motor vehicle.

{¶ 28} However, even if the issue was preserved for appeal, appellant would not prevail. The Fourth Appellate District has found that an all-terrain vehicle falls within the definition of a motor vehicle: "Under the plain language of R.C. 4501.01(B), ATVs qualify as motor vehicles." *State v. Henry*, 4th Dist. Gallia No. 10CA20, 2012-Ohio-371, ¶ 25. *See also State v. Lightner*, 3d Dist. Hardin No. 6-08-11, 2009-Ohio-544, ¶ 28 ("ATVs, or all terrain vehicles, are three or four wheeled vehicles that fall within the definition of a 'motor vehicle' pursuant to R.C. 2913.01[F][F]"); and *State v. Gray*, 2d Dist. Montgomery No. 16474, 1998 Ohio App. LEXIS 1661, *1 (Feb. 27, 1998) ("The motor vehicle that Gray was operating was an 'ATV,' or all-terrain vehicle. An ATV is a three or four wheel off-road vehicle that is motorized, and is a motor vehicle for purposes of R.C. 4511.09[B]").

{¶ 29} Additionally, the record contains no information from which we may conclude that the trial court erred in determining that the all-terrain vehicle stolen by appellant was a "motor vehicle." First, an all-terrain vehicle qualifies as a "motor vehicle" under the general definition of R.C. 4501.01(B). The issue then becomes whether an all-terrain vehicle comes within one of the statutory exceptions. The only information about the all-terrain vehicle involved was that it was a "four-wheeler" and that appellant believed it cost between $500 and $1,000. Without iterating the statutory definitions for "utility vehicle," "under-speed vehicle," and "mini-truck" set forth in R.C. 4501.01(VV), (XX) and (BBB), respectively, suffice it to say that this limited information does not exclude the all-terrain vehicle as a "motor vehicle" under one of the three aforementioned exceptions.

{¶ 30} Appellant's second assignment of error is overruled.

{¶ 31} Assignment of Error No. 3:

{¶ 32} THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF BURGLARY A FELONY OF THE SECOND DEGREE AS THE ELEMENTS STATED FAILED TO SATISFY THE REQUIREMENTS FOR A FELONY TWO.

{¶ 33} In Case No. 195, appellant pled guilty to one count of burglary in violation of R.C. 2911.12(A)(1). Appellant argues he should have been convicted of burglary in violation of R.C. 2911.12(B), a felony of the fourth degree, and not in violation of R.C. 2911.12(A)(1), a felony of the second degree, because the prosecutor's recounting of the facts did not include the element that a "person other than an accomplice of the offender [was] present."

{¶ 34} Initially, we observe that appellant's reference to the record to support his claim is only a partial recitation of the prosecutor's statement. Before describing the facts supporting the offense, the prosecutor first read the charge as set forth in the indictment, which contained all necessary elements of R.C. 2911.12(A)(1), including the element that a "person other than an accomplice of the offender [was] present."

{¶ 35} Furthermore, appellant pled guilty to the charge under R.C. 2911.12(A)(1). As discussed above, appellant's guilty plea is a waiver of any non-jurisdictional issue for purposes of appeal. *Bach*, 2006-Ohio-501 at ¶ 5. A guilty plea is a complete admission of guilt. Crim.R. 11(B)(1). By entering a guilty plea, appellant not only stated he did the acts described in the indictment, but he also admitted guilt of the substantive crime. *State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 8. Thus, appellant's guilty plea provided the necessary proof of the elements of the crime to support the conviction. *State v. Wofford*, 12th Dist. Butler No. CA2014-10-210, 2015-Ohio-3708, ¶ 12.

{¶ 36} Appellant's third assignment of error is overruled.

{¶ 37} Assignment of Error No. 4:

**{¶ 38}** THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES.

**{¶ 39}** Appellant argues the trial court erred in imposing consecutive sentences because the court failed to set forth the requisite consecutive sentencing findings in both the sentencing hearing and the sentencing entry.

**{¶ 40}** We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

**{¶ 41}** Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or

unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 42} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4). *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 43} During the sentencing hearing, the trial court detailed appellant's extensive criminal history, his long-term and apparently untreated drug addiction, and the multiple offenses constituting the crime spree culminating in the two indictments. The trial court specifically noted that the offenses were committed while appellant was on post-release control, having been released from prison for less than a year. The record reflects that the trial court made the requisite R.C. 2929.14(C)(4) findings during the sentencing hearing when it imposed consecutive sentences for an aggregate 18-year prison sentence:

> I find that consecutive sentences are necessary to protect the public and to punish you. They are not disproportionate to each of these separate crimes. All of these crimes were committed while you were under post release control. And the harm was so great over this period of time that a single term or concurrent term does not adequately reflect the serious[ness] of your conduct and your criminal history shows consecutive terms are needed to protect the public.

{¶ 44} The trial court subsequently incorporated these findings in its sentencing entry in Case No. 270 which ordered that the aggregate 13-year prison sentence in that case be served consecutively to the five-year prison sentence imposed in Case No. 195:

> The Court finds that consecutive sentences are necessary and not disproportionate because two or more of the multiple offenses were committed as a single course of conduct and the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct and the defendant's criminal history shows that consecutive terms are needed to protect the public and punish the offender and the defendant was on Post Release Control.

{¶ 45} From the trial court's statements at the sentencing hearing and the language used in the sentencing entry, we find that the trial court complied with the dictates of R.C. 2929.14(C)(4). The trial court therefore did not err by sentencing appellant to consecutive prison terms.

{¶ 46} Appellant's fourth assignment of error is overruled.

{¶ 47} Judgment affirmed.

S. POWELL, P.J. and PIPER, J., concur.