[Cite as *State v. Writesel*, 2017-Ohio-8795.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

STATE OF OHIO,                                    :

      Plaintiff-Appellee,                    :

                                       :

  - vs -                                            :

                                         :

SHAWN WRITESEL,                                  :

      Defendant-Appellant.                   :

CASE NO.  CA2017-02-004

O P I N I O N
12/4/2017

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20160155

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M.  Price, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Brehm & Associates, LPA, Robert J. Beck, Jr., 14 south High Street, P.O. Box 673, New Albany, Ohio 43054, for defendant-appellant

**M. POWELL, J.**

{¶ 1}  Defendant-appellant, Shawn Writesel, appeals his convictions in the Madison County Court of Common Pleas and the imposition of consecutive sentences following his guilty plea to attempted felonious assault and assault.

{¶ 2}  Appellant was indicted in November 2016 on two counts of felonious assault and three counts of assault.  The charges stemmed from appellant's conduct in kicking a

peace officer multiple times in the chest, waist, and legs while resisting arrest for disorderly conduct. A jury trial was scheduled for January 24, 2017. During a pretrial hearing held on January 12, 2017, appellant requested a continuance of the trial in order to obtain the transcript of a preliminary hearing held in October 2016. The trial court denied appellant's request. On January 20, 2017, appellant pled guilty to one count of attempted felonious assault, a felony of the third degree, and one count of assault, a felony of the fourth degree. On February 8, 2017, the trial court sentenced appellant to consecutive prison terms of 30 months on the attempted felonious assault charge and 12 months on the assault charge.

{¶ 3} Appellant now appeals, raising two assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT DID ERR BY OVERRULING DEFENDANT'S MOTION FOR CONTINUANCE.

{¶ 6} Appellant argues the trial court abused its discretion in denying his request for a continuance because the request was both timely and specific.

{¶ 7} The grant or denial of a continuance rests within the trial court's sound discretion, and an appellate court will not reverse the denial of a continuance absent an abuse of discretion. *State v. Haynes*, 12th Dist. Brown No. CA2009-07-025, 2010-Ohio-2960, ¶ 8. Appellant entered a guilty plea. "It is well-established that a defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself." *State v. Penwell*, 12th Dist. Fayette Nos. CA2016-12-020 and CA2016-12-021, 2017-Ohio-7465, ¶ 26. A guilty plea represents a break in the chain of events which has preceded it in the criminal process. *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). When a criminal defendant has admitted in open court that he is in fact guilty of the offense with which he is charged, he cannot thereafter raise independent claims relating to events that

occurred prior to the entry of the guilty plea. *Id.*; *Penwell* at ¶ 26. Appellant does not allege that the denial of the continuance impacted the knowing, intelligent, and voluntary nature of his guilty plea. Accordingly, by pleading guilty to attempted felonious assault and assault, appellant has waived his right to appeal the denial of his continuance request. *State v. Batross*, 5th Dist. Muskingum No. CT2015-0038, 2016-Ohio-265, ¶ 8-9; *State v. Rice*, 9th Dist. Summit No. 24932, 2010-Ohio-1825, ¶ 9; and *State v. Sage*, 2d Dist. Montgomery No. 21097, 2007-Ohio-442, ¶ 6.

{¶ 8} Appellant's first assignment of error is overruled.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT DID ERR BY IMPOSING CONSECUTIVE PRISON SENTENCES.

{¶ 11} Appellant argues the trial court erred in imposing consecutive sentences because the court "failed to make adequate findings to justify consecutive sentences."

{¶ 12} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court must modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*

{¶ 13} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Penwell*, 2017-Ohio-7465 at ¶ 41. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Penwell* at ¶ 42. A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4). *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 15} The record reflects that the trial court made the requisite R.C. 2929.14(C)(4) findings during the sentencing hearing and in its sentencing entry when it imposed consecutive sentences for an aggregate 42-month prison sentence. Specifically, the trial court found that the consecutive sentences were necessary to protect the public from future crime and punish appellant; the sentences were not disproportionate to the seriousness of appellant's conduct and the danger imposed by appellant; and appellant's criminal history demonstrated consecutive sentences were necessary to protect the public from future crime

by appellant.

{¶ 16} We note there is one discrepancy regarding the R.C. 2929.14(C)(4) findings between the sentencing hearing and the sentencing entry, in that the trial court made a finding under R.C. 2929.14(C)(4)(a) during the sentencing hearing but made a finding under R.C. 2929.14(C)(4)(b) in its sentencing entry. However, a trial court need only make one of the findings under R.C. 2929.14(C)(4)(a)-(c) and the trial court made a finding under R.C. 2929.14(C)(4)(c) both at the sentencing hearing and in the sentencing entry.

{¶ 17} In light of the foregoing, we find that the trial court complied with the dictates of R.C. 2929.14(C)(4). The trial court, therefore, did not err by sentencing appellant to consecutive prison terms.

{¶ 18} Appellant's second assignment of error is overruled.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.