[Cite as *State v. Pack*, 2024-Ohio-127.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

STATE OF OHIO,                    :

       Appellee,               :             CASE NO. CA2023-03-006

                            :             O P I N I O N
   - vs -                                   1/16/2024

                            :

DYLAN E. PACK,                :

       Appellant.             :

CRIMINAL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No. CRB 2200298

Sarah C. McMahon, Special Prosecutor, City of Wilmington, for appellee.

Van Gundy Law, LLC, and Alana Van Gundy, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Dylan E. Pack, appeals from his conviction in the Clinton County Municipal Court following his guilty plea to one count of first-degree misdemeanor theft. For the reasons outlined below, we affirm Pack's conviction.

{¶ 2} On May 18, 2022, a complaint was filed charging Pack with one count of first-degree misdemeanor theft in violation of R.C. 2913.02(A)(1). The charge arose after

Pack was video recorded by a Ring doorbell camera taking a package containing a $30 custom coffee mug off the front porch of a home located in Wilmington, Clinton County, Ohio.

{¶ 3} On March 2, 2023, the trial court held a plea hearing. Pack appeared at this hearing with his trial counsel. Prior to entering his plea, however, Pack requested the trial court continue the matter so that he and his wife could obtain "some type of letter or some type of document" from BrightView, a local addiction treatment center, as "evidence of his whereabouts on the date in question." The trial court denied Pack's request.

{¶ 4} Upon Pack's motion being denied, Pack took a moment to confer with his trial counsel. Pack then agreed to plead guilty and entered a guilty plea to the charged theft offense. The trial court accepted Pack's guilty plea upon finding it was knowingly, intelligently, and voluntarily entered. The trial court then sentenced Pack to serve 180 days in jail, with 154 of those days suspended, less six days of jail-time credit, and ordered Pack to pay $30 in restitution to the victim.

{¶ 5} Pack now appeals from his theft conviction, raising the following single assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED BY NOT GRANTING MR. PACK A CONTINUANCE.

{¶ 7} Pack argues the trial court erred by denying him a continuance so that he and his wife could "gather additional evidence as to his whereabouts on the night in question." To support this claim, Pack argues that it was error for the trial court to deny his request given that it was not made for "dilatory, purposeful or contrived reasons," but was instead made for a "fully legitimate one, and one that is critical to the facts of the matter of his case."

{¶ 8} However, even if we were to agree with Pack's claim, it is well established

- 2 -

that "[w]hen a criminal defendant has admitted in open court that he is in fact guilty of the offense with which he is charged, he cannot thereafter raise independent claims relating to events that occurred prior to the entry of the guilty plea." *State v. Writesel*, 12th Dist. Madison No. CA2017-02-004, 2017-Ohio-8795, ¶ 7. This includes the trial court's decision to deny a defendant's motion for a continuance. *Id.* That is, unless the denial of the continuance effectively coerced the defendant into pleading guilty, thereby rendering the defendant's guilty plea less than voluntary. *State v. Harris*, 12th Dist. Butler No. CA2017-11-161, 2018-Ohio-3222, ¶ 23, fn. 1.

{¶ 9} But, after a thorough review of the record, nowhere does Pack allege the trial court's decision denying him a continuance impacted the knowing, intelligent, and voluntary nature of his guilty plea. Therefore, by pleading guilty, Pack has waived his right to appeal the trial court's decision denying his motion to continue. *See, e.g., Writesel* (appellant waived his right to appeal the trial court's decision denying his continuance motion by pleading guilty to attempted felonious assault and assault). Accordingly, given Pack's waiver, Pack's single assignment of error lacks merit and is overruled.

{¶ 10} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.