[Cite as *Zinni v. Scarberry*, 2026-Ohio-869.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


|  |  |  |
|---|---|---|
| RUTH ANN ZINNI nka ROBINSON, et al., | : | CASE NOS. CA2025-06-011 |
|  | : | CA2025-06-012 |
| Appellees, |  | CA2025-06-013 |
|  | : | CA2025-06-014 |
| vs. |  |  |
|  | : | OPINION AND |
| MATTHEW C. SCARBERRY, |  | JUDGMENT ENTRY |
|  | : | 3/16/2026 |
| Appellant. |  |  |
|  | : |  |


CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 11AD0493


Ruth Ann Zinni nka Robinson, pro se.

Shirley L. Hummer, pro se.

Jess C. Weade, Fayette County Prosecuting Attorney, and Andrea M. VanFossen, Assistant Prosecuting Attorney, for appellee, Fayette County CSEA.

Shannon M. Treynor, for appellant.


# **O P I N I O N**


**SIEBERT, J.**

{¶ 1} Appellant, Matthew Scarberry ("Father"), appeals from several orders issued by the Fayette County Court of Common Pleas, Juvenile Division, finding him in contempt for failing to pay child support. After reviewing the record, we conclude that Father's assignments of error lack merit. The civil contempt sanctions imposed were not criminal in nature, and the trial court did not abuse its discretion by ordering a 240-day jail sentence. Accordingly, we affirm the judgment of the trial court.

**Facts and Procedural History**

{¶ 2} This consolidated appeal concerns Father's four children—two with Shirley Hummer (Case Nos. AD20090590 and AD20090591 – the "Hummer Cases") and two with Ruth Zinni (Case Nos. AD20110493 and AD20110494 – the "Zinni Cases"). Father has a long history of failing to comply with his child-support obligations and has been the subject of multiple bench warrants due to repeated failures to appear for scheduled court proceedings.

{¶ 3} It is undisputed that he has previously been found in contempt for nonpayment of support. On March 31, 2015, the trial court found him in contempt in all four cases. He was subsequently ordered to serve 30 days in jail in relation to the Zinni Cases, to be served consecutively to an additional 30-day jail sentence imposed in the Hummer Cases.

{¶ 4} On February 16, 2023, the Fayette County Child Support Enforcement Agency ("CSEA") filed new motions for contempt, alleging that Father had again failed to pay his court-ordered support, a second offense in each case. The trial court scheduled a hearing on the motions for April 19, 2023. Father failed to appear, and the trial court issued a bench warrant for his arrest.

{¶ 5} Father was later arrested and appeared before the court on August 30, 2023. During that hearing, he admitted that he had not paid his support obligations and

conceded that he had no valid excuse, attributing his noncompliance to his own poor decisions. Father testified that he had recently been released from jail, acknowledged his struggle with drug addiction, and stated that he was currently sober. He also represented that he had been employed by Precision Fixture Installation for approximately four months.

{¶ 6} Following the hearing, the trial court found Father in contempt for a second time in each case and imposed a 60-day jail sentence in each matter, to be served consecutively, for a total of 240 days. The court suspended the sentences on condition that Father comply with his child-support obligations and permitted him to purge the contempt by remaining current on his support payments for a period of 12 months.

{¶ 7} The matter proceeded to a review hearing on January 29, 2024. Father again failed to appear, prompting the trial court to issue another bench warrant. Father was eventually apprehended, and on May 15, 2025, appeared before the trial court for a hearing. At that hearing, the CSEA informed the court that Father had not been employed by Precision Fixture Installation as he previously claimed and had not made the required support payments. Father confirmed that he had failed to make the payments and stated that although he was now employed, he had not been able to arrange for wage withholding for unspecified reasons.

{¶ 8} Based on the evidence presented, the trial court found that Father failed to comply with the purge conditions and imposed the previously suspended 240-day jail sentence. Father now appeals, raising two assignments of error for review.

**Appeal**

*Double Jeopardy and R.C. 2941.25(A)*

{¶ 9} In his first assignment of error, Father argues that the trial court erred by imposing four separate contempt sentences. He contends that he should have been

- 3 -

sentenced on only one count of contempt, punishable by a maximum of 60 days in jail. According to Father, the four contempt findings should have merged pursuant to R.C. 2941.25(A), and the imposition of four consecutive 60-day sentences violated the constitutional prohibition against multiple punishments for the same offense.

{¶ 10} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution protect individuals against successive prosecutions or multiple punishments for the same offense. *State v. Lovejoy*, 1997-Ohio-371, ¶ 11-12; *State v. Hartsook*, 2014-Ohio-4528, ¶ 33 (12th Dist.). *See State v. Ruff*, 2015-Ohio-995, ¶ 13 (explaining that R.C. 2941.25[A] permits only a single conviction for conduct constituting "allied offenses of similar import."). These protections apply to contempt proceedings, but only when the contempt at issue is criminal in nature. *Gregory v. Gregory*, 2008-Ohio-6760, ¶ 26 (12th Dist.).

{¶ 11} Whether contempt is civil or criminal depends on the character and purpose of the sanction imposed. *Id*. at ¶ 27. Although fines or imprisonment may be imposed in either context, civil contempt sanctions are remedial and coercive, designed to compel compliance with a court order. A civil sanction must afford the contemnor an opportunity to purge the contempt, and the sanction terminates once the contemnor complies. *Id*. "In this way, a party convicted of civil contempt 'is said to carry the keys of his prison in his own pocket . . . since he will be freed if he agrees to do as ordered.'" *Ruben v. Ruben*, 2013-Ohio-3924, ¶ 36 (10th Dist.), quoting *Pugh v. Pugh*, 15 Ohio St.3d 136, 139 (1984).

{¶ 12} Here, the trial court's contempt findings for Father's failure to pay child support were civil in nature. The court suspended Father's jail sentences and expressly provided him with an opportunity to purge the contempt by complying with his ongoing support obligations. Because the sanctions were coercive, conditional, and designed to compel compliance rather than to punish past conduct, the contempt was civil and not

criminal. As a result, neither R.C. 2941.25(A), nor the Double Jeopardy Clause are implicated. Moreover, even if they did, merger would still be inappropriate. It is well established that offenses are not considered allied when they involve different victims or when the harm resulting from each offense is separate and identifiable. *State v. Penwell*, 2017-Ohio-7465, ¶ 11 (12th Dist.). That principle applies here. Each contempt finding corresponded to a separate child-support case involving a different child, resulting in distinct harms and independent obligations. Accordingly, even under a criminal-law analysis, the four contempt findings would not merge.

{¶ 13} Father's first assignment of error is therefore without merit and overruled.

*240-day Sentence*

{¶ 14} In his second assignment of error, Father argues the trial court erred by imposing maximum, consecutive contempt sentences. Once a party is found in contempt, the trial court may impose any of the penalties set forth in R.C. 2705.05(A)(1)-(3):

> (1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;
>
> (2) For a second offense, a fine of not more than five hundred dollars, a definite term of imprisonment of not more than sixty days in jail, or both;
>
> (3) For a third or subsequent offense, a fine of not more than one thousand dollars, a definite term of imprisonment of not more than ninety days in jail, or both.

{¶ 15} An appellate court reviews a finding of contempt, including the imposition of penalties, for an abuse of discretion. *Mackowiak v. Mackowiak*, 2011-Ohio-3013, ¶ 45 (12th Dist.). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore, v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). This standard is highly deferential and recognizes that the trial judge is in the best position to assess credibility, having observed the witnesses' demeanor, gestures, and attitude.

*In re C.L.W.*, 2024-Ohio-1519, ¶ 52 (12th Dist.). *See also In re A.C.F.*, 2023-Ohio-3296, ¶ 12 (12th Dist.) (noting that most claims asserting an abuse of discretion challenge the reasonableness of the decision, that is, whether it is supported by sound reasoning).

{¶ 16} Upon review, we conclude that the trial court did not abuse its discretion in imposing the 240-day jail term. The record demonstrates that Father has a long-standing pattern of failing to comply with his support obligations and repeatedly failing to appear for court proceedings. The trial court expressly warned Father that it would impose the 240-day sentence if he failed to comply with the purge conditions set forth in its entry. When Father did not meet those conditions, the court imposed the previously announced sentence. In doing so, the court found that Father had been employed but failed to report his employment to CSEA and failed to make any payment toward his support obligations. These findings are supported by competent, credible evidence.

{¶ 17} Moreover, although Father references R.C. 2929.14(C), regarding the imposition of prison terms, and briefly alludes to the findings required when a court imposes consecutive sentences in criminal cases, he provides no authority supporting its applicability in this matter. Indeed, he acknowledges that there is "no caselaw" addressing whether a trial court must make R.C. 2929.14(C) findings in civil contempt proceedings. As explained in the first assignment of error, the contempt at issue here was civil in nature, and R.C. 2929.14(C) applies only to consecutive *prison* terms imposed in criminal cases. Father was not sentenced to prison.

{¶ 18} Accordingly, Father's second assignment of error is overruled.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

---

# JUDGMENT ENTRY

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Fayette County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge